# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENT JOHNSON and NANCY JOHNSON | :<br>:<br>: |
| Plaintiffs | : |
| v. | :    3:12-cv-0041 |
| | :    (JUDGE MARIANI) |
| PETER ALLISON and JED EXPRESS, LTD. | :<br>: |
| Defendants | : |

## MEMORANDUM OPINION

The present matter arises from a motor vehicle collision on Interstate 81 in Lackawanna County on April 22, 2010. Before the Court is Plaintiffs' Motion to Remand to the Court of Common Pleas of Luzerne County.

### I.   BACKGROUND

On April 22, 2010, Plaintiffs Kent Johnson and Nancy Johnson (together, "Plaintiffs") were involved in a motor vehicle accident with a tractor-trailer operated by Defendant Peter Allison ("Allison"), and owned by Defendant JED Express, Ltd. ("JED Express")(together, "Defendants"). (*See* Notice of Removal at ¶ 2, ECF Dkt. 1.) Allison and JED Express are both residents of Ontario, Canada. (*See* Notice of Removal at ¶¶ 5-6.) Plaintiffs reside in Connecticut. (*See* Notice of Removal at ¶ 5.) Plaintiffs filed a civil lawsuit against Defendants on October 26, 2011 in the Court of Common Pleas of Luzerne County. (*See* Court of Common Pleas Docket at 2, ECF Dkt. 7-2.) Plaintiffs served original process

through the Luzerne County Sheriff's Department ("Sheriff's Department") via certified mail, with return receipt requested. A receipt provided by the Sheriff's Department indicates that JED Express received the certified mail containing process through its authorized agent, Ms. Jane Boyd, on or about November 21, 2011. (*See* Court of Common Pleas Docket at 2; Boyd Receipt, ECF Dkt. 5-1 at 20.) On January 6, 2012, Defendants filed their initial Notice of Removal (Doc. 1).

As of the date of the filing of the present Motion, Plaintiffs acknowledged that "service ha[d] only been perfected on the corporate defendant, JED Express, Ltd." (Pls.' Br. in Supp. Mot. to Remand at 7, ECF Dkt. 6.) Plaintiffs specifically noted that they had trouble effectuating proper service upon Allison, as he is an over-the-road trucker and spends much time away from home. (*See* Pls.' Br. in Supp. Mot. to Remand at 7.) On January 6, 2012, Plaintiffs "reinstated" their Complaint. Allison then signed a receipt acknowledging service of process on February 1, 2012. (*See* Pls.' Response to Petition for Notice of Removal of Defendant Peter L. Allison, Exh. A, ECF Dkt. 15.) On March 5, 2012, Allison filed a second Notice of Removal (Doc. 11).

## II. DISCUSSION

Plaintiffs argue that their Motion to Remand should be granted because JED Express was properly served on November 21, 2011, and Defendants did not remove until January 6, 2012. Plaintiffs argue that Defendants were required to file their Notice of

Removal on or before December 22, 2011. Plaintiffs note the strict mandate of 28 U.S.C. § 1446(b), which provides:

> The Notice of Removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant, if such initial pleading has then been filed in court, and is not required to be served on the defendant, whichever period is shorter.

Plaintiffs further remind the Court that "[f]ederal law is such that this thirty (30) day removal period is strictly construed." (Pls.' Br. in Supp. Mot. to Remand, at 4 (citing *Liebig v. Dejoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993).) Plaintiffs assert that Defendants were "immediately on notice and aware that this case" was removable" at the time that JED Express was served. (*See id.*) Plaintiffs also maintain that when JED Express was served with the Complaint on November 21, 2011, Defendants' joint counsel was "aware of their responsibilities and obligations to Mr. Allison, and it was immediately apparent to them at that time that the case was removable." (*See id.* at 7.) This assertion, however, does not support Plaintiffs' position as to the timeliness of the January 6, 2012 Removal Petition. *See Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority, by formal process."). Allison was not obligated to defend himself until formal process was served upon him.

3

Plaintiffs argue that Defendants' Notice of Removal was untimely and that the Court should remand the matter to the Court of Common Pleas because § 1446(b) is to be strictly construed. In support of their argument, Plaintiffs assert that the Court should adopt the "first-served defendant" rule, which is currently the law in the Fifth Circuit. *See Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)(30 day removal period begins to run from the time the first defendant is served). Defendants, on the other hand, argue that the Court should follow the lead of several other district courts within the Third Circuit and adopt a "last-served defendant" rule. Both Plaintiffs and Defendants indicate that neither the Supreme Court nor the Third Circuit has directly addressed this issue, but this assertion is not wholly correct. In *Di Loreto v. Costigan*, 351 F. App'x 747 (3d Cir. 2009), (non-precedential), the Third Circuit found that "[a]lthough the law is not entirely settled, recent authority supports [application of] the last served defendant rule." *Id.* at 752 n. 7.[1] An analysis of several holdings from within the Third Circuit, as well as from other circuits, provides further support for application of the "last served defendant" rule.

The Middle District of Pennsylvania has explicitly recognized the uneven application of the federal removal statute with regard to "whether the thirty-day period runs from the

---

[1] Additionally, the Court stated:

> In addition to *Cmiech*, other decisions from courts in our circuit have followed this approach. See *Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509, 515 (M.D. Pa. 2003) (adopting last-served defendant rule); *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 343 (D.N.J. 2001) (same). The parties in this case accept that the rule is applicable and, while we will leave a definitive decision on the issue for another day, for purposes of this case at least, we agree. 351 F.App'x at 752.

4

date of service upon the first-served defendant or the date upon which each individual defendant is served." *Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509, 515 (M.D. Pa. 2003). In *Shadie*, the court noted that "[t]here are many decisions, however, that would allow each defendant thirty days from the date it was served to express its consent to removal." *Id.* (citing *Marano Enters. v. Z-Teca Rests. L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001)(later served defendants may remove an action to federal court notwithstanding that co-defendants served earlier did not file within 30 days); *McKinney v. Bd. of Trustees*, 955 F.2d 924, 928 (4th Cir. 1992)(holding that each defendant has 30 days to comply with removal statute from the time served). In *Shadie*, Judge Thomas Vanaskie held that the "later-served defendant" rule "appears to be a necessary corollary to the Supreme Court's recent decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, in which the Court observed that 'service of process is fundamental to any procedural imposition on a named defendant.'" *Shadie*, 254 F. Supp. 2d at 515 (quoting *Murphy Brothers, Inc.*, 526 U.S. at 350 (internal citations omitted).

In *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337 (D.N.J. 2001), the District of New Jersey held that "it is counter-intuitive to maintain a 'first-served defendant' rule when the Supreme Court would not—consistent with *Murphy Brothers*—begin to run a later-served defendant's time to seek removal until that defendant received proper service of process." *Id.* at 677. Rejecting the district court's earlier imposition of an "intermediate rule"

in *D.P.M. v. Sensory Mgmt. Servs., LLC,* No. 07-2113, 2007 WL 2702646, at *1 (D.N.J. Sept. 12, 2007), the *Orlick* court also chose to apply the "later-served defendant" rule.

Similarly, in *Cmiech v. Electrolux Home Prods.,* 520 F. Supp. 2d 671 (M.D. Pa. 2007), the district court held that a later-served defendant had thirty days from the date of service to remove the matter to federal court. Specifically adopting the Eighth Circuit's holding in *Marano Enters., supra,* along with the Sixth Circuit's holding in *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir. 1999), *cert. denied,* 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000), Judge A. Richard Caputo held that the "later-served defendant" rule should prevail because it is most compatible with the Supreme Court's opinion in *Murphy Brothers,* and because it comports with the majority of cases decided within the Third Circuit and the Middle District of Pennsylvania.

Judge Caputo explained:

> The Sixth and Eighth Circuit Courts of Appeals have adopted the last-served rule, in which even the last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired. *E.g., Marano Enters. Of Kan. v. Z-Teca Rests., L.P.,* 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir. 1999), *cert. denied,* 528 U.S. 1076, 120 S. Ct. 790, 145 L. Ed. 2d 667 (2000). The Eighth Circuit Court of Appeals, though it found that both the first-served and last-served rules 'are susceptible to abuse and have potential to create inequities,' adopted the last-served rule because it was, in the court's view, most in keeping with the Supreme Court's *Murphy Brothers* decision, which emphasized that 'service of process is fundamental to any procedural imposition on a named defendant.' *Murphy Bros.,* 526 U.S. at 350; *See Marano,* 254 F.3d at 756-57. The court stated that the rule of unanimity was unaffected by its decision, as the defendants seeking removal still needed the consent of all defendants in order to do so. *Id.* 757 n. 6.

*Cmiech*, 520 F. Supp. 2d at 676.

> Further, Judge Vanaskie of the Middle District of Pennsylvania has also concluded, like the Eight Circuit Court of Appeals did, that the 'later-served defendant' rule appears to be a necessary corollary to the Supreme Court's recent decision in *Murphy Brothers*.' *Shadie v. Aventis Pasteur, Inc.*, 254 F.Supp. 2d 509, 515 (M.D. Pa. 2003). I join with Judge Vanaskie and the Eighth Circuit Court of Appeals in applying the later-served defendant rule. Therefore, and because Defendant Lowe's joining in the notice of removal evidences consent to remove, I will deny Plaintiffs' motion to remand as to Defendant Electrolux's notice of removal.

*Cmiech*, 520 F. Supp. 2d at 677.

In the present matter, Plaintiffs' argument that the Court should adopt a "first-served defendant" rule is contrary to the weight of judicial authority cited herein, and not consonant with the Supreme Court's holding in *Murphy Brothers*.

In light of the Third Circuit's holding in *Di Loreto, supra,* I join in the decisions of the district courts in this Circuit which have followed the line of cases beginning with *Marano Enters., supra,* and follow the later-served defendant rule.

Furthermore, an analysis of this matter does not end with the conclusion that the "first served defendant" rule should not be applied or followed in this case. As was pointed out earlier herein, at the time of the filing of the initial Notice of Removal on January 6, 2012, Defendant Allison had not as yet been served with process. (*See* Pls.' Response to Petition for Notice of Removal of Defendant Peter L. Allison, Exh. A.) How then does the "later served defendant" rule apply on the issue of the timeliness of the January 6, 2012 Notice of Removal? The answer lies in the controlling authority set forth in *Diehl, Inc. v. Morrison*,

7

590 F. Supp. 1190 (M.D. Pa. 1984), and *Tyler v. Prudential Ins. Co.*, 524 F. Supp. 1211 (W.D. Pa. 1981). The fact that "service under state service practice has not been perfected does not in and of itself prevent removal." *Tyler*, 524 F. Supp. at 1213. "All that is required is that the defendant receives, through service or otherwise, a copy of an 'initial pleading' from which the defendant can ascertain that the case is one which is or has become removable." *Id.* "An action need not be formally commenced under state procedure to be removable. It is enough that an initial pleading in a civil action or proceeding has been received by the defendant." *Id.* at 1214 (citing *Int'l Equity Corp. v. Pepper & Tanner, Inc.*, 323 F. Supp. 1107 (E.D. Pa. 1971)). Here, the initial pleading was received by Allison's counsel, who was also counsel for JED Express, and thus under *Diehl, supra*, and *Tyler, supra*, the January 6, 2012 Notice of Removal jointly filed by Allison and JED Express was timely because Allison's 30 day period for filing a notice of removal, as the later served defendant, had not yet begin to run. *See Diehl*, 590 F. Supp. at 1191 (30 day period in which to file notice of removal under § 1446(b) does not begin to run until service is properly effectuated upon the defendant).

Defendant JED Express was properly served on November 21, 2011, in accordance with Pennsylvania Rules of Civil Procedure 403 and 404, which specifically authorize the service of original process outside the Commonwealth by way of certified mail. Allison was not properly served until February 1, 2012, which allowed him until March 2, 2012 to file a notice of removal. In the present matter, however, Allison, although not yet served, joined in

8

and was a party to the January 6, 2012 Notice of Removal, thus rendering removal timely as to both Defendants. Thus, Allison's March 5, 2012 Notice of Removal was superfluous as a result of the timely filing of the initial Notice of Removal on January 6, 2012. Given that Allison was a proper, and timely, party to the initial Notice of Removal, the removal was also timely with respect to Defendant JED Express who joined in and was a party to that initial Notice of Removal.

### III. **CONCLUSION**

For the reasons set forth in this Memorandum Opinion, Plaintiff's Motion to Remand will be Denied.

DATE: June 7, 2012

Robert D. Mariani
United States District Judge